## JOHN DUHON V. THE STATE.

No. 17864. Delivered January 22, 1936.

The opinion states the case.

*Fletcher S. Jones* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

Appellant's first contention is that the testimony is insufficient to support his conviction of the offense of murder with malice aforethought.

The record before us shows that Clifton Nash and deceased engaged in a game of cards known as coon can at the home of Daisy Stephens; that after they had played for quite a while the appellant came and took Nash's place at the table; soon thereafter a dispute arose between appellant and deceased over the game and deceased struck the appellant. The deceased and Nash then left and went to the home of Chester Bogille where a game of coon can was in progress, which was changed to a game known as Georgia skin and in which Nash and deceased participated. There were three rooms to the Bogille home; a front room, middle room, and back room. The middle room in which the game was in progress was separated from the front room by a heavy curtain which prevented persons in either room from seeing what was going on in the other. Appellant left Daisy's home soon after Nash and deceased had left there, went to the home of Son Crack and told Crack that Green McElroy had beat him up and took his money. He was crying. He then went to his mother's home, borrowed a shotgun and a shell and then went to Chester Bogille's home where the deceased was. He knocked on the front door. Chester Bogille's wife opened the door and admitted him, and as he entered she noticed that he had a shotgun, holding it down by the side of his leg, whereupon she remarked, "Look, old John got a shotgun." At the time this remark was made appellant had reached a point near the curtain and drew it to one side, when the

deceased rushed at him and appellant fired. The appellant testified in his own behalf that he borrowed the gun and shell to go hunting with the next morning; that he was not looking for the deceased and did not know he was at the home of Bogille; that when deceased rushed at him he was afraid the deceased would hurt him; that he shot the deceased in self-defense. Whether or not appellant was actuated by malice was an issue of fact to be determined by the jury who are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony; and this court will not disturb their finding unless there is not any evidence to support their conclusion.

By bill of exception number one appellant complains that he was not permitted to fully cross examine the witness Hicks with reference to whether he saw the appellant raise the gun as he entered the room, whether he raised it with one hand or both hands and in what position he saw appellant raise the gun, to which counsel for the State objected because the same had been gone over several times by appellant's counsel, which objection was by the court sustained. The bill of exception is insufficient in that it fails to disclose what answer the witness would have given other than those he had theretofore given to said question. However, it is a matter within the sound discretion of the court of how often and how long he will permit the cross-examination of a witness upon a given point and his action will not be disturbed unless it is made to appear that he abused the same. We therefore overrule appellant's contention and affirm the judgment of the trial court.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.